THE LAW OFFICES OF MICHAEL BOTTON, LLC
Michael Botton, ESQ (MB8412)
1314 Main Street
Belmar, NJ 07719
Phone: (732) 894-3686
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JASON MCGEE <br><br>        Plaintiff <br><br> v. <br><br> STATE OF NEW JERSEY, COUNTY OF OCEAN, BOROUGH OF SEASIDE HEIGHTS, SEASIDE HEIGHTS POLICE DEPARTMENT, and THOMAS BOYD, individually and as Chief of Police of Seaside Heights, as Supervisor to the Police, ABC Corporations (#1-#10), JOHN DOES (#1-#10) and JANE DOES (#1-#10) <br><br>        Defendant(s) | Civil Action No.: <br><br><br> **COMPLAINT** |

    Plaintiff, Jason McGee, residing at 236 Attison Way, Toms River, New Jersey, by way of

Complaint against the Defendants says:

## PARTIES

1. Plaintiff Jason McGee is a citizen of the State of New Jersey.

2. Defendant State of New Jersey is a State located within the United States and an address

   of PO Box 620, Trenton, New Jersey, 08625.

3. Defendant County of Ocean is a county located in the State of New Jersey with an

   address of 212 Hooper Avenue, Toms River, New Jersey.

1

4. Defendant Borough of Seaside Heights is a municipality incorporated within Ocean County, State of New Jersey with a mailing address of 901 Boulevard, Seaside Heights, NJ, 08751.

5. Defendant Seaside Heights Police Department is a police department for the Borough of Seaside Heights, New Jersey and is located at 116 Sherman Avenue, Seaside Heights, New Jersey.

6. Defendant Thomas Boyd (hereafter "Boyd") at all times during the events herein set forth, was employed as Police Chief of the Seaside Heights Police Department and as Supervisor to Police of Seaside Heights and acted in his capacity as an agent, servant and/or employee of the city and/or individually.

7. Defendant John Does (#1-#10), Jane Does (#1-#10) and ABC Corporations (#1-#10), inclusive, represent other individuals an/or entities unknown to the Plaintiff at this time, who participated in the causes of Plaintiff's damages and who will be specifically identified through discovery.

<u>**SUBJECT MATTER JURISDICTION**</u>

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) in that the claims herein arise under 42 U.S.C. § 1983 as more fully set forth below.

<u>**VENUE**</u>

Venue is appropriate in the United States District Court, District of New Jersey, pursuant to 28 U.S.C. § 1391(b) as all the parties to this action are located in the State of New Jersey as stated above.

## SUBSTANTIVE ALLEGATIONS

1. Plaintiff Jason McGee, (hereafter "McGee") is resident of the city of Toms River, New Jersey, a licensed towing contractor in the State of New Jersey and the owner of ACME Towing and Recovery (hereafter "ACME")

2. At all relevant times herein ACME towing had lawful and fully enforceable towing contracts with owners of private parking lots within the Borough of Seaside.

3. On or about August 17, 2015 Police Chief Boyd appeared personally in the office of ACME carrying a portion of the Seaside Heights towing ordinance alleging that ACME was violating the ordinance and demanding that ACME discontinue its lawful towing operations.

4. On that same day an officer from the Seaside Heights Police Department visited the place of business of a client of ACME and informed the property owner he would not be authorizing any more tows that evening.

5. The property owner questioned the officer as to why he could not remove unauthorized vehicles from his property and the officer refused to answer and told the property owner to go to bed.

6. Shortly thereafter, Boyd personally appeared at the location of two of ACME's clients. Boyd provided the owners with the same portion of the ordinance and demanded that the property owners discontinue working with ACME or they would lose their mercantile licenses.

7. Shortly thereafter, McGee, with a representative of the New Jersey Department of Consumer Affairs contacted legal counsel for Seaside Heights regarding the aforementioned actions and were rebuffed.

8.  Chief Boyd went beyond the scope of his authority as a police officer and abused his position to interfere with the business relationships of ACME with private individuals.

9.  ACME has lost private contracts due to the action of Chief Boyd and other officers in his department when they told third parties that is a violation of the ordinance to allow ACME to tow vehicles off their properties, especially as the ordinances were taken out of context and not applicable to the contract between ACME and its customers.

10. Chief Boyd knowingly and recklessly ordered the owners of the properties to cease use of the property for purposes of ACME Towing operations.

11. On several occasions, Police Chief Boyd sent officers of the Borough of Seaside Heights to 304 Hamilton Avenue, Seaside Heights, New Jersey under the false guise that vehicles were illegally parked.

12. On several occasions Police Chief Boyd sent officers to ACME's properties with an outdated copy of the town ordinance with only certain portions of the ordinance highlighted for the purpose of falsely coercing the property owner to cease towing operations for ACME.

13. As a result of Police Chief Boyd's reckless and intentional conduct to coerce property owners to cease their towing operations with ACME, ACME was effectively shut down in the Borough of Seaside Heights.

## <u>COUNT I</u>
### (42 U.S.C.§ 1983)

1.  Plaintiff hereby repeats and incorporate by reference all of the allegations set forth in the Facts to Count I, as if fully set forth herein.

2. The Defendant Chief Boyd, and officers John and Jane Doe (#1-#10), as Borough of Seaside Heights employees, in their capacity as Borough of Seaside Heights employees deprived McGee of his Federal Constitutional and Statutory Rights by engaging in harassing and intimidating behavior.

3. The Defendant Chief Boyd, and officers John and Jane Doe (#1-#10), as Borough of Seaside Heights employees, in their capacity as Borough of Seaside Heights employees deprived McGee of his Federal Constitutional and Statutory Right to work.

4. This is a violation of 42 U.S.C.§ 1983.

**WHEREFORE**, Plaintiff McGee demand against the Defendants as follows:

(a) A demand for money damages against all of the Defendants in favor of Plaintiff McGee for all losses and damages suffered as a result of the acts and transactions complained of herein.

(b) Awarding Plaintiff McGee the costs, expenses, and disbursements incurred in this action, including reasonable attorney fees; and

(c) Awarding Plaintiff McGee such other and further relief as the Court may deem just and proper in light of all the circumstances of this case.

**COUNT II**

**(DEFAMATION AND SLANDER)**

1. Plaintiff McGee hereby repeats and incorporate by reference all of the allegations set forth in the Facts and Count I into Count II, as if fully set forth herein.

2. The Defendant Chief Boyd, and officers John and Jane Doe (#1-#10), as Borough of Seaside Heights employees, in their capacity as Borough of Seaside Heights employees used their position(s) to slander and defame McGee's character to his clientele and jeopardized his towing license.

5

WHEREFORE, Plaintiff demands against the Defendants a Judgment as follows:

(a) That Defendants pay full costs of this action to the Plaintiffs;

(b) For compensatory damages;

(c) For punitive damages;

(d) For interest, attorney's fees and costs of suit; and

(e) For such further relief as the Court shall deem just and proper.

## COUNT III

### (Unlawful Interference with Prospective Economic Advantage – State Law)

1. Plaintiff hereby repeats and incorporates by reference all of the allegations set forth in the paragraphs above as if fully set forth herein.

2. McGee has the right to pursue a lawful business and enjoy the fruits and advantages of his industry.

3. New Jersey law protects a person's interests in reasonable expectations of economic advantage.

4. The individual defendants conspired as set forth above to willfully and maliciously interfere with McGee's lawful business operations.

5. The actions of the individual defendants were taken in their capacities as elected officials, appointed officers, or employees of the Defendant, Borough of Seaside Heights, and Seaside Heights Police Department, and are therefore attributable to the city.

6. As a proximate result of Defendants' actions, McGee was injured in that he was emotional and economic injury.

**WHEREFORE**, Plaintiff demands against the Defendants a Judgment as follows:

(a) That Defendants pay full costs of this action to the Plaintiffs;

(b) For compensatory damages;

(c) For punitive damages;

(d) For interest, attorney's fees and costs of suit; and

(e) For such further relief as the Court shall deem just and proper.

## COUNT IV
### (Civil Conspiracy)

1.  Plaintiff hereby repeats and incorporates by reference all of the allegations set forth in the paragraphs above as if fully set forth herein.

2.  The individual defendants conspired as set forth above to willfully and maliciously interfere with McGee's lawful business operations.

3.  The actions of the individual defendants were taken in their capacities as elected officials, appointed officers, or employees of the Defendant, Borough of Seaside Heights, and Seaside Heights Police Department, and are therefore attributable to the city.

4.  As a proximate result of Defendants' actions, McGee was injured in that he was emotional and economic injury.

**WHEREFORE**, Plaintiff demands against the Defendants a Judgment as follows:

(a) That Defendants pay full costs of this action to the Plaintiffs;

(b) For compensatory damages;

(c) For punitive damages;

(d) For interest, attorney's fees and costs of suit; and

7

(e) For such further relief as the Court shall deem just and proper.

Dated:      August 15, 2017                    /Michael Botton, Esq./

Michael Botton (MB) MB8412
The Law Offices of Michael Botton, LLC
1314 Main Street
Belmar, NJ 07719
Phone: (732) 894-3686
Attorney for the Plaintiffs

## JURY DEMAND

PLEASE TAKE NOTICE that Plaintiff demands a trial by jury.

Dated: August 15, 2017                    /s/Michael Botton, Esq.

Michael Botton, Esq. MB8412
Law Office of Michael Botton, LLC
Attorneys for Plaintiffs

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that MICHAEL BOTTON, ESQ., is hereby designated as Trial Counsel.

Dated: August 15, 2017                    /s/ Michael Botton, Esq.

Michael Botton, Esq. MB8412
Law Office of Michael Botton, LLC
Attorneys for Plaintiffs

8