NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JASON MCGEE,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, COUNTY OF OCEAN, BOROUGH OF SEASIDE HEIGHTS, SEASIDE HEIGHTS POLICE DEPARTMENT, and THOMAS BOYD, *individually and as Chief of Police of Seaside Heights, as Supervisor of the Police*, ABC CORPORATIONS (1-10), JOHN DOES (1-10), and JANE DOES (1-10)<br><br>Defendants. | Civ. No. 17-6239<br><br>OPINION |

THOMPSON, U.S.D.J.

RECEIVED
OCT 27 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

## INTRODUCTION

This matter comes before the Court on a motion to dismiss brought by Defendant State of New Jersey. (ECF No. 5.) The motion is unopposed. The Court has decided the motion after considering the written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendant's motion is granted.

## BACKGROUND

Plaintiff Jason McGee ("Plaintiff") brings this civil rights suit against Defendants State of New Jersey ("the State" or "Defendant"), County of Ocean, Borough of Seaside Heights, Seaside Heights Police Department, and Thomas Boyd, individually and in his official capacity as Seaside Heights Chief of Police. Plaintiff's allegations are as follows. Plaintiff is a licensed towing contractor in New Jersey and owner of ACME Towing and Recovery ("ACME").

1

(Compl. at 3, ¶ 1, ECF No. 1.) ACME maintained lawful towing contracts with private parking lots in the Borough of Seaside Heights. (*Id.* ¶ 2.) On or about August 17, 2015, Seaside Heights Chief of Police Thomas Boyd ("Chief Boyd") appeared in ACME's office with a portion of the Seaside Heights towing ordinance alleging that ACME was violating the ordinance and must discontinue its towing operations. (*Id.* ¶ 3.) That same day, an officer from the Seaside Heights Police Department visited the place of business of one of ACME's clients and informed the property owner he would not authorize any more tows that evening. (*Id.* ¶ 4.) When the property owner asked why, the officer refused to answer and told the property owner to go to bed. (*Id.* ¶ 5.) Soon after, Chief Boyd appeared at two of ACME's clients, provided them with the same portion of the ordinance, and demanded they stop working with ACME or lose their mercantile licenses. (*Id.* ¶ 6.)

With a representative from the New Jersey Department of Consumer Affairs, Plaintiff contacted legal counsel for the Borough of Seaside Heights to discuss these matters, but was rebuffed. (*Id.* ¶ 7.) Plaintiff alleges that ACME lost private contracts due to Chief Boyd's interference (*id.* at 4, ¶ 9); that Chief Boyd exceeded the scope of his authority by unlawfully ordering ACME's clients to cease use of their properties for ACME's towing operations (*id.* ¶¶ 8, 10); and that Chief Boyd sent officers to ACME's properties with a knowingly outdated and selectively highlighted copy of the town ordinance (*id.* ¶ 12). All told, because of Defendants' actions, ACME was effectively shut down in the Borough of Seaside Heights. (*Id.* ¶ 13.)

Plaintiff's Complaint includes four counts: (I) violation of 42 U.S.C. § 1983; (II) defamation and slander; (III) unlawful interference with prospective economic advantage under New Jersey law; and (IV) civil conspiracy. (*See* Compl. at 4–7.) Plaintiff filed the Complaint on August 17, 2017. (ECF No. 1.) Defendants Borough of Seaside Heights, Seaside Heights Police Department, and Thomas Boyd answered on September 12, 2107, asserting crossclaims for

2

contribution and indemnification against codefendants Ocean County and the State. (ECF No. 3.) The State subsequently filed the motion to dismiss presently before the Court. (ECF No. 5.)

## LEGAL STANDARDS

### I. Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a Defendant may move at any time to dismiss the Complaint for lack of subject matter jurisdiction on either facial or factual grounds. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In analyzing a facial challenge, a court "must consider only the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Id.* (citing *Mortensen*, 549 F.2d at 891). In considering a factual challenge, however, a court "may consider evidence outside of the pleadings." *Id.* (citing *Mortensen*, 549 F.2d at 891). Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, 2010 WL 3908567, at *2 (D.N.J. Sept. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

### II. Federal Rule of Civil Procedure 12(b)(6)

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, 2016

3

WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## ANALYSIS

The State has moved to dismiss Plaintiff's claims against it on four grounds, addressed in sequence below.

### I. Eleventh Amendment Sovereign Immunity

The State first argues that Plaintiff's claims are barred by sovereign immunity derived from the Eleventh Amendment to the U.S. Constitution. Since this argument challenges the Court's subject matter jurisdiction, it is determined pursuant to Rule 12(b)(1). *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). The Eleventh Amendment eliminates from the jurisdiction of federal courts "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Pursuant to this immunity, states, arms of the state, state agencies, and state officials acting in their official capacity cannot be sued by individuals. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984). Sovereign immunity applies to § 1983 claims brought against states. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979) (finding no Congressional abrogation of sovereign immunity under the Civil Rights Act of 1871, including § 1983).

While the sovereign immunity inquiry can become complex depending on the defendant, here Plaintiff has sued the State of New Jersey outright. The State incontrovertibly enjoys the

4

protection of sovereign immunity derived from the Eleventh Amendment. As made clear in the State's moving papers, the State has not otherwise consented to suit or waived this immunity. (Def.'s Br. at 5.) Accordingly, the Court lacks subject matter jurisdiction to hear Plaintiff's claims against the State, and all such claims must be dismissed.

II. "Person" under 42 U.S.C. § 1983

The State also argues that Plaintiff's claims must be dismissed because the State is not a "person" amenable to suit under § 1983. The Third Circuit recently held that whether a Defendant is a "person" for § 1983 purposes is "analytically distinct" from whether a defendant enjoys Eleventh Amendment sovereign immunity. *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 857–58, 858 n.8 (3d Cir. 2014). Section 1983 imposes liability on "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). Whereas local government bodies and their officials are considered "persons" under § 1983, states, state agencies, and state officials acting in their official capacities are not. *Lagano*, 769 F.3d at 857–58 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978)). Applying this bright-line rule, the State of New Jersey cannot be considered a "person" for § 1983 purposes, and all claims against it must be dismissed.

III. Remaining Arguments

The State makes two additional arguments. First, the State argues that Plaintiff does not allege any action or inaction by the State, and therefore Plaintiff's claims against the State must be dismissed for failing to state a claim for relief under Rule 12(b)(6). Second, the State argues that Plaintiff's defamation claim is time-barred under the operative one-year statute of

5

limitations. Having determined that the Court lacks subject matter jurisdiction over all claims against the State in Plaintiff's Complaint, the Court need not address these remaining arguments.

IV. Dismissal of Cross-Claims as to Defendant State of New Jersey

Although not discussed in Defendant's moving papers, the Court notes that Defendants Thomas Boyd, Borough of Seaside Heights, and Seaside Heights Police Department asserted cross-claims for contribution and indemnification against all co-defendants in their Answer. (ECF No. 3 at 7–8.) Because the Court lacks jurisdiction over Defendant State of New Jersey for the reasons outlined above, those cross-claims must also be dismissed as to Defendant State of New Jersey.

## CONCLUSION

For the reasons stated herein, Defendant's motion is granted. An appropriate order will follow.

Date: 10/27/17

ANNE E. THOMPSON, U.S.D.J.